FREDERICK F. SHERWOOD
ANNE E. SHERWOOD
MORRISON, SHERWOOD, WILSON & DEOLA, P.L.L.P.
401 North Last Chance Gulch
Helena, MT 59601
(406) 442-3261
rick@mswdlaw.com
anne@mswdlaw.com
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| KATHERINE PRAVAZABOJOVNIK,<br><br>Plaintiff,<br>-vs-<br><br>THIRSTYHUFF, INC. dba PLAYGROUND LOUNGE, JASON HUFFORD, and STEPHEN THURSTON,<br><br>Defendants. | No. _____<br><br>**C O M P L A I N T** |
|---|---|

COME NOW PLAINTIFF above-named and allege:

1. Plaintiff brings this action on behalf of herself and others similarly situated pursuant to 29 USC § 216 of the Fair Labor Standards Act (FLSA) to recover unpaid minimum wage and overtime compensation, liquidated damages, and attorneys' fees and costs.

2. Jurisdiction over this action is invoked pursuant to 29 USC §216 and pursuant to the general civil jurisdiction of this Court.

3. Plaintiff formerly worked for ThurstyHuff Inc. dba the Playground Lounge. This employment was within Cascade County of the State of Montana.

4. Defendant ThurstyHuff Inc. is a Montana corporation authorized to do business in the State of Montana, and operating the Playground Lounge in Cascade County, Montana. At all times relevant hereto Defendant has engaged in interstate commerce and has been an enterprise whose annual gross volume of sales made or business done has not been less than $500,000.

5. Defendant Jason Hufford is an owner of ThurstyHuff Inc. who controlled the terms and conditions of Plaintiff's employment.

6. Defendant Stephen Thurston is an owner of ThurstyHuff Inc. who controlled the terms and conditions of Plaintiff's employment.

7. Plaintiff worked at the Playground as an exotic dancer within three years of the date of commencement of this action.

8. While working at the Playground, Plaintiff was erroneously classified as an "independent contractor." However, Plaintiff's work was subject to the direction and control of Defendants, and she was actually an employee within the meaning of the Fair Labor Standards Act.

9. Plaintiff's duties, and that of other employees similarly situated, included dancing as well as "working the floor," *i.e.* serving drinks, cleaning up, and engaging with customers.

10. Some dancers were classified as independent contractors, or non-payroll dancers, and some were classified as employees, or payroll dancers. Defendants switched the classifications for the dancers back and forth in order to avoid paying overtime.

11. Plaintiff was not paid a minimum wage by Defendants.

12. When she worked more than 40 hours a week, Plaintiff was not paid overtime by Defendants.

13. Plaintiff and other dancers were required to pay a "house fee" to the Playground Lounge. This was $50 per night for non-payroll dancers and $15 per dance, with a minimum fee of $45, for payroll dancers.

14. Other exotic dancers at the Playground have been and are misclassified as independent contractors instead of employees. Other dancers also were not paid a minimum wage or overtime pay. As a result of these common policies Defendants are liable to Plaintiff and other dancers for minimum wage and overtime pay.

15. Defendants' failure to properly pay its dancers according to the FLSA was willful.

16. Defendants' foregoing actions violate the Fair Labor Standards Act.

WHEREFORE, Plaintiff prays for relief as follows:

1. That this Complaint be designated as a collective action pursuant to the Fair Labor Standards Act;

2. Judgment in an amount for unpaid wages and overtime compensation, and liquidated damages in an amount equal to the unpaid wages and overtime compensation;

3. Costs;

4. Pre and post Judgment interest;

5. Reasonable attorneys' fees; and

6. Such other and further relief as the Court may deem appropriate.

DATED this 5th day of March, 2020.

MORRISON, SHERWOOD, WILSON & DEOLA, P.L.L.P.

BY: /s/Frederick F. Sherwood
Frederick F. Sherwood
Attorneys for Plaintiff